### *BEDFORD* & *AL.* vs. *JACOBS.*

When the case is tried by a jury, the court cannot give interest on the sum found by the verdict.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. This case was before us in June last, and was remanded, with directions to the district court to act on a motion for a new trial. The new trial was refused, and judgment was entered on the verdict. The defendant appealed. *Vol.* 4., 528.

His counsel in this court, assigns as error, that the court gave judgment for the sum found by the jury, adding interest from the judicial demand till payment. He contends that a verdict cannot be altered by the court, and the judgment must follow it.

It is argued by the counsel of the plaintiff's and appellees, that their demand being for the price of goods, groceries and merchandize sold, and the verdict being for the

exact sum claimed, it is evident no interest was added, and the court acted correctly in allowing what the law gives; and if we be of opinion that the court erred, the case must be remanded for a new trial, that the plaintiff.s may obtain their due from another jury.

The old civil code, under which the transaction took place on which the suit is grounded, provides, that in the contract of sale, the price bears interest if the parties have agreed it should; if the thing sold produce profits or other income; and, lastly, if the vendee has been sued for payment. *Civ. code*, 360, *art.* 84. But the defendant's counsel is correct in his two positions—the court cannot alter a verdict, and the judgment must follow it.

We ought not to remand the case. If the plaintiffs were dissatisfied with the verdict, they ought to have prayed below, that it might be set aside. On the contrary, they resisted the defendants attempt in this appeal. As it stands, nothing can be added to it, and the judgment must follow it.

It is therefore ordered, adjudged and de-

creed, that the judgment be annulled, avoided and reversed, and that the plaintiffs recover the sum of $7922 60 seven thousand nine hundred and twenty-two dollars and sixty cents, with costs in the district court; but it is ordered that they pay them in this.

*M'Caleb* for the plaintiffs, *Whittelsey* for the defendant.